Keith COLLINS; Gloria Collins,
Plaintiffs–Appellees,

v.

VILLAGE OF NEW VIENNA; Richard
E. Brown; William Cluxton; Timothy
Bentz; William Davidson; Diana
Peck; Howard Fields; Cheryl Mon-
gold, Defendants–Appellants.

No. 01–3168.

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2002.

Before MARTIN, Chief Judge; GILMAN, Circuit Judge; and EDMUNDS, District Judge.*

Defendants appeal a district court order that denied without prejudice their motion for a partial summary judgment on the basis of qualified immunity. The parties have expressly waived oral argument in this case. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Plaintiffs filed their complaint alleging that the individual defendant government officials harassed them and violated their civil rights in retaliation for Keith Collins's exercise of his First Amendment right to freedom of speech. Subsequently, defendants filed a motion for partial summary judgment based in part upon a qualified immunity defense. Plaintiffs moved the district court to stay the motion pending further discovery, and the district court denied defendants' motion without prejudice to a renewal following the completion of discovery. Defendants filed a timely notice of appeal.

On appeal, defendants contend that this case should be remanded to the district court for a ruling on their qualified immunity defense because they accept plaintiffs' allegations as true, and the qualified immunity defense is solely a question of law. Plaintiffs contend that this court lacks jurisdiction because the district court did not rule on the immunity question. Upon consideration, we will vacate the district court's order and remand the case for a ruling on defendants' motion.

 Qualified immunity provides government officials the right to avoid the pre-trial burden of discovery. *Behrens v. Pelletier*, 516 U.S. 299, 314, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). A district court order rejecting a qualified immunity defense is a collateral order subject to immediate appellate review insofar as the issue turns on a question of law. *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). However, the order is not immediately appealable if the district court's determination hinges upon whether or not a genuine issue of material fact remains for trial. *Johnson v. Jones*, 515 U.S. 304, 319–20, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). "(I)n order for such an interlocutory appeal based on qualified immunity to lie, the defendant must be prepared to overlook any factual dispute and to concede an interpretation of the facts in the light most favorable to the plaintiff's case." *Berryman v. Rieger*, 150 F.3d 561, 562 (6th Cir.1998).

 The Second Circuit recently rejected plaintiff's contention that the district court's order is not immediately appealable, concluding in light of the Supreme Court's decision in *Behrens*, "that even when a district court rejects a qualified immunity defense due to a perceived need for further discovery, an appellate court may exercise jurisdiction to review an interlocutory appeal that questions whether—on the plaintiff's version of the facts—defendant's actions violated the plaintiff's clearly established constitutional rights as a matter of law." *Locurto v. Safir*, 264 F.3d 154, 164 (2d Cir.2001) (citing *X–Men Sec., Inc. v. Pataki*, 196 F.3d 56, 66–67 (2d Cir.1999)). The court correctly noted that other circuits also have concluded that such a ruling is immediately appealable. *McVey v. Stacy*, 157 F.3d 271, 275–76 (4th Cir.1998); *Brown v. Nix*, 33 F.3d 951, 953

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

(8th Cir.1994). Thus, appellate jurisdiction before this court is proper.

■ Further, the case will be remanded to the district court for a ruling on the merits of defendants' qualified immunity defense in the first instance. As noted, a valid qualified immunity defense entitles the defendant government officials to avoid the burden of additional discovery in this case. However, the parties have not addressed the merits of the asserted defense in this appeal, and plaintiffs have not yet addressed the merits in the district court. Defendants request that the case be remanded to the district court for a ruling on the merits of their motion, and plaintiffs request a remand should this court determine that appellate jurisdiction is proper. Under these circumstances, a remand to the district court for a ruling on the merits of defendants' motion is appropriate.

For the foregoing reasons, the district court's order is vacated, and the case is remanded to the district court for further proceedings.